Per Curiam,.

We think that Vredenbergh was not a com-
petent witness, and was properly excluded. If he was in possession, he had an immediate interest to protect that possession, and prevent a recovery, and if he was not, the object of producing him was .improper, and ought not to succeed. Whether this be considered as an interest in the event of the suit, or in the question between the parties merely, it is one of those cases in which the reason and policy of the law ought to exclude a witness. His interest on the question of possession is almost the same as that of the defendant himself, and from the nature of the fact, there can be no inconvenience in requiring other proof, which it must always be in the power of the party to produee.(a)
Rule refused.

 It is a general rule that one is incompetent as a witness, to protect his own possession. See per Tompkins, J. in Jackson ex dem. Youngs v. Vredenbergh, 1 Johns. R. 159. Doe ex dem. Foster v. Williams, Cowp. 621. Bourne v. Turner, 1 Str. 632. Doe ex dem. Mackley v. Pye, 1 Esp. 364. Thus, in a case similar to the principal, where a defendant in ejectment set up as a defence, that he was not in possession when the declaration was served, his tenant to whom he had leased the land, was held incompetent as a witness, to establish the fact. Jackson ex dem. Van Den Bergh v. Trusdell, 12 Johns. R. 246. And, where prima facie evidence has been given against the defendant, a witness is incompetent to prove that he himself is the real tenant, and that the defendant is but his bailiff. Doe ex dem. Jones v. Wild, 5 Taunt. 183. Doe ex dem. Lewis v. Bingham, 4 Barn. & Ald. 672. Doe ex dem. Scales v. Bragg, R. & M. 87; Steph. N. P. 1476. And the rule is the same, though the offered witness occupy only a part of the.premises. Jackson ex dem. Church, v. Hills, 8 Cowen, 290. See also Cowen & Hill’s Notes to 1 Phill. Ev. 123, 1535.