JACKSON, *exd em.* VAN DEN BERGH, *against* TRUSDELL.

Where the plaintiff's lessor, in ejectment, claims under a partition, made by virtue of the act of 1801, (ses. 24. c. 176.) of lands, of which the defendant, or those from whom he derives title, were in possession previous to the passing of that act, it is no defence that he had not paid for the improvements, pursuant to the act of 1785.

Where a defendant in ejectment sets up, as a defence, that he was not in possession when the declaration was served, his tenant to whom he had leased the land is not a competent witness to the fact, as he has an interest both in the question and the event.

THIS was an action of ejectment, and was tried at the *Greene* circuit, in *August,* 1814, before Mr. Justice *Van Ness.*

The plaintiff claimed the premises in question, being about an acre of land, situate in the town of *Coxsackie,* under a judgment in partition, rendered in the common pleas of *Greene* county, in *January* term, 1812, under the act of 1801, (*Sess.* 24. c. 176.) between the plaintiff's lessor, and *Wilhelmus* and *Richard R. Van Der Bergh.*

The defendant purchased the whole of the premises, comprehended in the partition, of *Richard R. Van Der Bergh,* and immediately went into possession, in 1812. *Richard* was in possession of the premises during the pendency of the proceedings in partition, and long before. The plaintiff proved the service of the declaration, some time between the 1st and 9th of *May,* 1813, and produced testimony to show that the defendant was at that time in the actual possession.

The defence set up by the defendant was, 1st. That *Richard,* of whom the defendant purchased, was in possession of the whole of the partitioned premises previous to the year 1801, and had made improvements, and set out an orchard thereon, especially on the premises in question : these facts being admitted, the defendant contended that the plaintiff could not sustain the action, until the defendant was paid for the said improvements, agreeable to the act for partition, of 1785. The judge overruled this objection, reserving, however, the question of law for the consideration of the court.

2

2d. That, at the time of the service of the declaration, the defendant was not in possession, and, in proof of this, produced a lease from the defendant to his father, *Stephen Trusdell*, the elder, dated and executed on the 20th of *April*, 1813, under which possession of the premises was given to the lessee. The plaintiff objected to the admission of the lease, but the judge allowed it to be given in evidence.

Testimony was adduced by the defendant to prove acts of possession by the lessee ; and by the plaintiff, to show that the lease was merely colourable. It is unnecessary to state the evidence, any farther than this, that the defendant offered his father, the lessee, as a witness, who was objected to by the plaintiff, on the ground of interest, and rejected by the judge.

The jury found a verdict for the plaintiff, which the defendant now moved to set aside.

*E. Williams*, for the defendant.

*Van Dyck*, contra.

*Per Curiam.* The lessor of the plaintiff claims title to the premises in question, under the proceedings in partition in the year 1812. The defendant claims under *Richard R. Van Der Bergh*, who was a party in partition, and who was in the actual possession of the premises at the time such partition was made. Upon the trial, one principal question was, whether the defendant was in possession when this suit was commenced. The declaration was served some time between the 1st and 9th of *May*, 1813. The defendant gave in evidence a lease from himself to his father, *Stephen Trusdell*, the elder, bearing date the 20th of *April*, 1813, and some proof was given of possession having been taken under this lease, in *April ;* and to establish this fact, *Stephen Trusdell*, the lessee, was offered as a witness, to show himself in possession; but was not admitted. The case of *Brant* v. *Dyckman*, (1 *Johns. Cas.* 275.) is in point to show that the witness was incompetent. He was called for the purpose of showing himself in possession ; he had, therefore, an immediate interest in preventing a recovery, for the purpose of protecting his own possession. This seems to be considered as a question *sui generis*, partly an interest in the question, and partly an interest in the event. And it is one of those cases in

which reason and sound policy lead to the exclusion of the witness; as from the nature of the fact, there can be no inconvenience in requiring other proof, which it must always be in the power of the party to produce. (1. *Johns. Rep.* 162. *Comp.* 622.)

The defendant is not entitled to compensation for improvements. By the act of 1801, under which the partition in this case is made, there is no provision whatever for payment for improvements. The provision on that subject in the act of 1785, (*sess.* 8. *ch.* 39. *s.* 6. *Greenl. Ed.* 168.) has not been continued. And there are no grounds upon which the defendant can claim, from the lessor, compensation for his improvements. He must look to the person from whom he purchased for his indemnity. The motion for a new trial must accordingly be denied.

                                              New trial refused.