### THEODORE ATKINSON *versus* PHILIP SNOW.

When the immediate effect of a judgment in favor of one of the parties is to confirm a third person, in the enjoyment of an interest in possession, such third person is not competent as a witness for that party.

Thus, in a writ of entry, if the defeat of the action would leave a third person in the further occupation and use of the land, of which he claimed to be in possession, such third person cannot be a witness for the defendant.

D. had been in possession of a lot of land. The defendant was afterwards found to be in occupation of it, and he refused, on request, to surrender the possession to the demandant. In a suit for the land, he set up in defence, that in occupying it, he was acting merely as the servant of D. to whom the possession belonged.

*Held*, that D. was not competent as a witness for the defendant.

WRIT OF ENTRY, with claim for rents and profits. Plea non-tenure. Replication, that defendant withholds possession from the demandant. Issue joined.

*Jewett & Crosby*, for the plaintiffs.

*J. Godfrey*, for defendant.

TENNEY, J. — This is a writ of entry. The defendant pleaded *non-tenure*, to which the demandant replied, that the defendant withheld possession from him, and issue was thereupon joined. The demandant introduced evidence, tending to prove, that the defendant was in actual possession of the land, and refused to surrender it. This evidence the defendant attempted to explain, by showing that the land was in possession of one Smith Dougherty, who had claim thereto, and who had gone to Wisconsin, leaving his wife residing upon it ; and that the defendant was employed by Dougherty as an agent for him to take charge of the land and of his family during his absence. And for the purpose of establishing this defence, several witnesses were called, who worked on the land, as they testified, at the request of Dougherty's wife, or if not at her request, that she paid them for their services. Dougherty and his wife were also witnesses in the case to show, that Dougherty had the possession, and not the defendant. All this evidence was objected to.

The demandant's counsel requested the Judge to instruct the jury, that " almost any injury, which can be done to real estate, may entitle a party to recover in a writ of entry, if he will admit himself to be disseized," that " in the present case, the tenant was clearly in possession of a part of the premises described; and whether he intended to hold it adversely to the demandant's claim, or merely for his own convenience, the demandant could not determine, nor was it material ; and if the acts proved or attempted to be proved were done by respondent, that he could not defend as agent, for in acts of disseizin all parties engaged are principals;" which instruction was not given.

The instruction to the jury which was requested and not given was properly omitted. When a Judge is requested to give an instruction, and there are parts of it, which are legally erroneous, although other parts, if made in a distinct request

may be properly given, the refusal is not objectionable. If the request had been for the instruction, that if the jury found the defendant did withhold possession, after a demand by the demandant to give it up, he could not defend on the ground that he did so as the agent of Dougherty, the omission to comply with the request might not have been warranted. But as this request was connected with others, which could not have been legally correct, the Judge did not err. He could not have said to the jury, that the defendant was clearly in possession of a part of the premises described, for this was a matter of fact exclusively for the jury; and the first part of the request was for an instruction, which taken in the abstract, was of such an uncertain and indefinite character, that the jury could not have understood how it was to be applied.

No legal objection could be made to the testimony of the witnesses employed by the wife of Dougherty to work occasionally on the land. They were strangers to the possession themselves, and their testimony might be material to show who actually held the possession.

Was the testimony of Smith Dougherty competent to prove, that he and not the defendant was in possession? When the immediate effect of a judgment for one of the parties is to confirm the witness in the enjoyment of an interest in possession, he is not a competent witness for that party. 1 Greenl. Ev. § 392, and 406; *Doe* v. *Williams*, Cowper, 621. In the case last cited, Lord Mansfield says, " a tenant can never be called to support her own possession." *Jones &* *als.* v. *Wilde*, 5 Taunt. 183; *Doe* v. *Bingham*, 4 B. & Ald. 672; *Brant* v. *Dyckman*, 1 Johnson's Cases, 275; *Jackson* v. *Trusdell*, 12 Johns. 246. The witness stood in this situation, and his testimony was inadmissible. That of his wife, which was also offered, objected to and received, was equally incompetent, as the law regards the interest of husband and wife as identical.                    *Exceptions sustained.*