SpknceR, J.
delivered the opinion of the court. The-question in this case is, whether Arden was rightly ex_ eluded from giving evidence on the trial. The defence set up was usury, in a note which was the basis and consideration, of the one then in suit. The original note had been made by Arden, indorsed by Coleman, and passed to Alexander Stewart. It is, perhaps, a fair presumption that, notwithstanding the different transactions in renewing the notes, and changing the payees, the plaintiffs below are in the precise situation of Alexander Stewart, the original indorser. Arden- was rejected on the principle *169 that he declared' himself, when interrogated on the voir din, bound in honour to pay whatever should be recovered in the suit from Coleman; but his situation appearing on the bill of exceptions, the'court is bound to say, whether in point oflaw, he could be admitted to give evidence to invalidate a negotiable note of which he was the maker. This point has been too solemnly settled by this court, to admit of doubt. In the case of Winton v. Saidler, decided in July term, 1802, it was settled that upon principles of public policy, a person whose name appeared on a negotiable note, and who had contributed to give it currency and circulation, should not be-admitted asa witness to invalidate it. That case adopted the decision in Walton v. Shelly,* in which the court of King’s Bench proceeded on the precise ground of public policy, in rejecting the testimony of a party to negotiable paper, considering his signature as an affirmation, that to his knowledge there is no legal objection to the security. That case also settles another principle', that it is -immaterial whether the suit be directly on the note alleged to have been usurious, or whether it comes in question collaterally ; the cases the court there considered as the same,' because they involve in them the validity of the original notes. • -
The counsel for the plaintiffin error relied on the case of Baker v. Arnold,* as an authority for the admission of Arden, as a witness; but the only point settled by that case was, that 'Lombard, the payee and indorser, might be heard as a witness to testify only when he indorsed the note. The judges, who were for admitting him to that point, say, “the sanction his name gives is, that the paper is valid, because the transaction is legal and honest, and he must say nothing that contradicts thisand again “this Would not impeach the validity of the note, and is therefore, not within the decision of Walton v. Shelly, nor of Winton v. Saidler.’’ It is to be noticed in this case, that Arden \vas called to make out the whole of the case, *170 as well the original usury, as the knowledge and agency of Alexander Stewart; and we were all of opinion that he was incompetent for that purpose. “It would (in the language of Justice JBuller) be attended with consequences the most injurious to society, if these securities might be cut down by the persons passing them ; it is only for two men to conspire together to cheat all the world.”*
The court give no opinion on the other point, how far an honorary obligation disqualifies a witness; on the first ground the judgment must be affirmed.(a)
Judgment affirmed.

 1 Term. 296.

 1 Caines, 259.

 Peake, 118.

Tlie doctrine maintained in this case is now overruled by very recent decisions. The comprehensive principle regulating the competency’ of witnesses had been for many years departed from : in England it was no(. rgyjy-gj until the year 1791), (7 T. R. 597. 601.) and in this state it was recognised with yet greater reluctance. But m the two cases, Stafford v. Rice, and Bank of Utica v. Hill, and reported in the fifth volume of Cowen. The rule “ that every person is a competent witness who is not interested in the event of the cause rendered infamous b y crime, or ex_ eluded for infidelity,” is re-established : and it is now law in this state, . J that the maker or other person whose name appears on a promissory note is acompetent witness to show that it was void in its creation for .. usury or other cause.