ALBANY,
Feb. 1810.

STEWART
v.
KIP.

In an action against a sheriff for the escape of a prisoner in execution, who had given a bond for the liberties of the gaol, it was held that the deputy sheriff and gaoler, who had taken the bond for the prisoner, was a competent witness.

STEWART *against* KIP.

THIS was an action of debt against the defendant, as sheriff of the county of *Oneida*, for the escape of *Abel Brigham*, in his custody. on a *ca. sa.* at the suit of the plaintiff. The pleadings and facts in this case, were the same as in the case of *Bissel* v. *Kip*, decided at the last term, (*ante*, p. 89.) except that there was no variance between the judgment and execution.

At the trial, *John B. Pease*, one of the deputies of the defendant, and gaoler, was offered as a witness for the defendant. On being objected to by the plaintiff, he was rejected by the judge. A verdict was found for the plaintiff, subject to the opinion of the court, on a case.

The only question submitted to the court was, whether, in an action against a sheriff, for an escape of a prisoner in execution, the deputy-sheriff and gaoler who had the prisoner in his custody, and took bonds for the liberties of the prison, is a competent witness for the sheriff.

*Gold*, for the plaintiff.

*Platt*, for the defendant.

SPENCER, J. delivered the opinion of the court. The question submitted in this case, is whether, in an action against the sheriff, for the escape of a prisoner in execution, who had given a bond for the liberties, the deputy-sheriff and gaoler who had taken the bond, is a competent witness.

In considering this case, we must intend that the witness was a material one. The object for which he was introduced, is not stated in the case, nor was the defendant required to state it ; the witness was offered, objected to, and declared incompetent. The plaintiff's counsel

has submitted several authorities,* which are supposed to warrant the rejection of the witness, but none of them apply to this case. The general rule has been repeatedly recognised by this court, that an interest in the question, is not an objection to the competency of a witness, but goes to his credit; and the test to decide whether he may testify is, whether the verdict can be given in evidence, in a suit to be brought against the witness. There are exceptions to this rule, and witnesses who have been servants or agents, and who are alone supposed to be privy to the transactions which give rise to suits, are admitted, *ex necessitate*, without a release. Another exception is, where the interest of the witness is remote or contingent, he is admissible, and the objection goes to his credit ; as in the case of *Falls* and *Smith* v. *Belknap*, (1 *Johns. Rep.* 491.) where a witness, liable to be rated for the support of the poor, was admitted, though he had a remote and contingent interest in the event.

In the present case, *Pease*, the witness, though the defendant's gaoler, had no control over the prisoner, and was not answerable for his escape to the principal. His interest was barely possible, in consequence of his having taken the bond for the liberties ; it depended on the solvency of the obligors, and on the fact whether he had acted fairly and honestly in taking it. The point at the trial was the escape, and this, as I have observed, could not be imputed to the gaoler ; the trial therefore involved no one act of the witness, and there was no question put to him to discover, nor was there any fact to show that he possibly could be answerable to the defendant in any event. The case of *Carter* and *Pierce*, (1 *Term Rep.* 163.) decides that a witness is admissible, though there be a bare possibility of an action being brought against him.

The cases relied on to justify his exclusion, are to be found in 4 *Term Rep.* 589. 2 *Esp. Rep.* 735. 1 *Caines*, 363. and 2 *Stra.* 1083. In these cases, the witnesses

ALBANY,
Feb. 1810.

STEWART
v.
KIP.

* 4 *Term Rep.* 589. 1 *Caines*, 363. 2 *Esp. Rep.* 735. 1 *Str.* 65. 2 *Str.* 1083. 1 *Peake's N. P.* 53.

offered and rejected, were called to disprove acts of neg-- ligence committed by themselves, and for which, in case of verdicts against their principals, they would be im- mediately answerable over, and the verdicts would have been evidence to fix the amount of damages; or they were called to create a fund upon which, when created, they had an immediate lien. In these cases, the witness was certainly interested in the very *gist* of the action, and would either gain indemnity, or advantage by the evi- dence he gave; and as respects the influence upon the mind of the witness, it was equivalent to a direct in- terest in the event of the suit.

The witness in the present case, not being called to justify any act of his own, or to disprove any negligence imputable to him, having no concern with the *gist* of the action between the parties, and his liability over being very doubtful, depending on various facts, not involved in the trial of this cause, his interest was too remote and contingent to exclude him from testifying; conse- quently, there must be a new trial, with costs to abide the event.

New trial granted.