ALBANY,
August, 1812.

GILPIN
v.
VINCENT.

GILPIN, *qui tam*, &c. *against* VINCENT.

IN ERROR, from the *mayor's court* of *New-York*. The plaintiff brought an action of debt against *Vincent*, in the court below, to recover the penalty of 250 dollars, for selling as a slave, a certain black woman, brought into the state, after the 1st *April*, 1810, &c.

The act concerning slaves (sess. 24. c. 188. s. 5.) gives one half of the penalty to the person suing for it, and the other half to the treasurer of the state.

At the trial of the cause, *George Ferguson* was offered as a witness on the part of the plaintiff, who, being a member of the *New-York* society for promoting the manumission of slaves, and protecting such of them as have been, or may be, liberated, was objected to, and being affirmed on his *voir dire*, he declared that he had no interest in the event of the cause, and should not be a gainer or loser thereby; that there was no agreement or understanding, that he should be in any manner responsible for any part of the costs, whatever might be the event of the suit; and that he was no way bound to contribute to the costs. The plaintiff and witness, as well as the plaintiff's attorney, were members of that society; and it was the practice of the society to indemnify one another against the costs of suits of this nature, in case of failure. It was also the practice of the members, by voluntary contributions, to reimburse money which any of them had laid out in regard to slaves. The witness had expended considerable sums, in that way, himself, and expected, if the society were in funds, they would repay him; but he had no legal demand on them for any repayment. That he believed that the proceeds of the suit, in case the plaintiff recovered, would be given by him to the society. The witness being asked whether he would or would not contribute to the costs of the suit, in case the plaintiff failed; answered that he would not say that he would not contribute; that if the plaintiff, in such case, should ask him, he thought he should give something, as he usually did in such cases, although he was no way bound to do it; but should be governed merely by his general practice and principle. The plaintiff then offered, on the part of the society, to release any interest or responsibility of the witness, in relation to the cause. The court rejected the witness as in

In a *qui tam* action to recover a penalty given by the act concerning slaves, a member of the *New-York* society for the manumission of slaves, &c. is a *competent* witness, he being under no legal obligation to contribute to the expenses of the suit, and having no interest in the event of it; and though the witness, on his *voir dire*, said that if the plaintiff should fail, he thought he should, as a member of the society, if asked, give something towards compensating the plaintiff, as he usually did in such cases, but he was no way bound to do so, and should be governed only by his general practice and principle.

ALBANY,
August, 1812.

GILPIN
v.
VINCENT.

competent, and ordered the plaintiff to be called, and nonsuited, and a judgment of nonsuit was, thereupon, entered against him.

A bill of exceptions was taken to the opinion of the court. On the return to the writ of error,

The cause was submitted to this court, without argument.

*Per Curiam.* The question arising upon this record is, whether *George Ferguson* was a competent witness for the plaintiff below. He was under no legal obligation to contribute to the expenses of the suit, and had no interest in the event. It depended upon the pleasure of the plaintiff, whether or not he would give the amount of the recovery in the suit, or any part of it, to the society, of which the witness was a member, and if it had been certain, yet, as the society was a mere charitable institution, in which the witness had no personal interest or responsibility, his being a member would not disqualify him. (*Weller* v. *Governor of the Foundling Hospital, Peake's N. P. Cases,* 153.) But the witness said " that if the plaintiff failed, and should ask him, he thought he should give something, as he usually did in such cases, although he was in no way bound to do it, but should be governed merely by his general practice and principle." This declaration did not show that he had any interest that disqualified him. There was no fixed, or certain, or legal interest. It depended entirely upon his volition, and upon the contingency of his being asked by the plaintiff, and upon his sense of his general practice and principle. An interest depending upon such circumstances, was altogether vague and uncertain, and did not amount even to an ideal or honorary obligation to pay ; and it has been ruled, that even such an obligation does not go to the competency of the witness. The judgment below must be reversed.

Judgment reversed.