## Butler *against* Warren.

THIS was an action of *trespass de bonis asportatis.* The defendant pleaded the general issue, with notice of special matter in justification. The cause was tried at the *Steuben* circuit, in *June,* 1813.

At the trial, the plaintiff offered *Thomas Lusk,* as a witness, to prove the service of a notice on the defendant to produce at the trial, the warrant or execution issued by the defendant, as president of a court-martial, by virtue of which the property in question was taken. The defendant's counsel objected to the witness as incompetent, on the ground that he had indemnified the plaintiff from the costs of this suit, and had given him a bond for that purpose. The fact of his having given the bond of indemnity was admitted, but it was contended by the plaintiff that the witness was competent to prove the service of the notice; and the judge, being of that opinion, admitted the witness.

As the opinion of the court turned on the single question, as to the admissibility of the witness, it is unnecessary to state the

*Where a person had given a bond of indemnity to the plaintiff, against the costs of the suit, it was held that he was an incompetent witness, for the plaintiff, as to any point arising on the trial of the cause, such as the service of notice on the defendant to produce certain papers at the trial.*

*Where a witness has a direct interest, however small, in the event of a cause, he cannot be admitted to testify, in any respect, in favour of such interest.*

ALBANY,
Jan. 1814.

BUTLER
v.
WARREN.

other facts in the cause.    The case was submitted to the court without argument.

*Per Curiam.*    Without touching other points in the case, there was an error in the admission of *Thomas Lusk* as a witness for the plaintiff, after the fact was conceded that he had given a bond of indemnity to the plaintiff against the costs of the suit. He was then directly interested in the event of the suit, and was an incompetent witness for the plaintiff on any point arising on the trial of the cause. In proving the service of notice, he swore under the influence of interest, for the proof of that fact might have been essential to the plaintiff's success.    The rule is stubborn and inflexible, that if a witness has a direct interest, however small, in the event of the cause, he cannot be admitted to testify upon the trial in favour of that interest, in any respect, or degree.

There must be a new trial awarded, with costs to abide the event of the suit.

New trial granted.