IN THE

SUPREME COURT OF JUDICATURE

OF THE

STATE OF NEW-YORK,

IN JANUARY TERM, 1817, IN THE FORTY-FIRST YEAR OF OUR
INDEPENDENCE.

———

E. CASE *against* REEVE AND OTHERS.                    *January*, 1817.

IN ERROR, to the court of common pleas of *Orange* county. *In an action brought against a master of a vessel for negligently running foul of, and injuring the vessel of the plaintiff, the owner of the vessel, under the command of the defendant, is a competent witness for him.* The defendants in error, owners of a vessel in the *Hudson*, brought an action on the case in the court below, against the plaintiff in error, the master of another vessel, for negligently running foul of, and injuring the vessel of the defendants in error. The defendant pleaded not guilty; and at the trial in the court below, the defendant offered *Isaac Case* as a witness; who being sworn on his *voir dire*, said, that he, the witness, and *Benjamin Case* were the owners of the vessel that run foul of the other, and that the defendant below was the master; that the witness was under no obligation to pay any part of the damages which might be recovered against the defendant, nor was he, to his knowledge, any way interested in the suit. The plaintiffs below objected to the competency of the witness; and the court below being of opinion that the witness was not competent, on the ground of interest, he was rejected; and the defendant's counsel tendered a *bill of exceptions* to the opinion of the court, on which the writ of error was brought.

ALBANY,
January, 1817.

CASE
v.
REEVE.

*Ross*, for the plaintiff in error, contended, that the witness was competent. The general rule of evidence is, that if a witness cannot gain or lose by the event of the suit, or if the verdict cannot be given in evidence for or against him, in another suit, the objection goes to his credit, not to his competency.[*] A witness who stands in the same situation as the party for whom he is called, though under a strong bias, is not, therefore, incompetent. If two actions are brought against two persons for the same assault, one may be a witness for the other.[†] A mere contingent benefit, which may result to the witness from the event of the suit, will not render him incompetent.[‡] It must be a legal, fixed interest that will disqualify him.[§]

*Story*, contra, contended, that the owners of a vessel being liable for the *torts* of the master, who is their agent or servant, a verdict for the defendant, in a suit against the master, would be conclusive in favour of the owners, and that so they were *directly* interested in the event of the suit. That the plaintiffs below had elected to proceed against the master was no waiver of their right of action against the owners. In *Livingston* v. *Bishop*,[‖] the court held, that when two or more persons were liable for the same trespass, the prosecution of one was no discharge of the right of action against the other, unless judgment and satisfaction have been obtained in the first suit. In the case of *Green* v. *The New River Company*,[**] it was decided, that in an action against a master for the negligence of a servant, the latter was not a competent witness to disprove his negligence ; and the court said, that in the cases of coachmen and sailors, verdicts against the proprietors or owners might be respectively given in evidence, in actions brought by them against their servants, as to the *quantum* of damages, though not as to the fact of injury.

*Ross*, in reply, said, that the declaration in this case did not state that the defendant was in the actual and regular employ of the owners of the vessel.

Spencer, J., delivered the opinion of the court. This is an action against the master of a sloop for so negligently managing her, that she ran foul of, and damaged the plaintiffs' sloop. On the trial, *Isaac Case*, one of the owners of the sloop, of which

[*] *Van Nuys* v. *Terhune*, 3 Johns. Cases, 82. Phill. Ev. 36, 37.

[†] *Term Rep.* 301. 1 *Wash. Rep.* 187. 8 *Johns. Rep.* 377. 3 *Johns Rep* 518. 1 *Johns Rep.* 491.

[‡] Phill. Ev. 39, 40.

[§] 10 *Johns. Rep.* 21. 1 *Term Rep.* 164.

[‖] 1 *Johns. Rep.* 290.

[**] 4 *Term Rep.* 589. Hayes v. Grier, 4 *Binn. Rep.* 80.

the defendant below was master, was called as a witness on the part of the defendant. He was examined on his *voir dire*, and stated the above facts, and further, that he was under no obligation to pay any part of the damages, nor was he interested in the suit, to his knowledge. The court below decided that the witness was incompetent, and excluded him; and the sole question now presented is, whether he was legally excluded.

This court, in *Van Nuys* v. *Terhune*, (3 *Johns. Cases,* 82.,) on a careful examination of all the authorities, ancient and modern, laid down, with precision and accuracy, this general rule, " that if a witness will not gain or lose by the event of the cause, or if the verdict cannot be given in evidence for or against him in another suit, the objection goes to his credit only, and not to his competency." It was admitted by the court, that there might be some technical exceptions to the rule, but it was declared to be correct in its general application.

The witness, in this case, could not gain or lose, immediately, by the event of the cause; and the inquiry, therefore, will be, whether the verdict for or against the master of the vessel, who is to be considered a servant of the witness, could be given in evidence for or against him, in a suit to be brought for the same cause of action.

It is a general, if not universal, principle, that a suit between two persons shall not bind or affect a third person, who could not be admitted to make a defence, to examine witnesses, or to appeal from the judgment. (*Phillip's Ev.* 222.) A verdict or judgment in one action, upon the same matter, directly in question, is evidence for or against privies in blood, privies in estate, such as the feoffee or lessee, and privies in law, as the lord by *escheat*, tenant by curtesy, tenant in dower, and others who come in by act of law, in the *post.* The witness was neither privy in estate or law.

The case which bears most strongly in favour of the admissibility of the witness is that of *Kinnersley* v. *Orpe*, (*Doug.* 499.;) it was an action of debt for a penalty given by statute. for killing fish in the plaintiff's fishery. The defendant was Doctor *Cotton's* servant; the master claimed a right to the fishery, and a former action had been brought against another servant of Doctor *Cotton*, to try the right to the fishery, and in that action a verdict had been found for the plaintiff, and the trespass had been repeated by Doctor *Cotton's* express orders. The plaintiff pro-

ALBANY,
January, 1817.

CASE
v.
REEVE.

duced no other proof of his right than the record of the former verdict and judgment. The judge ruled that the record was admissible and conclusive, on the ground that both defendants had acted under the authority of *Cotton*, who was the real de-defendant in both cases. A new trial was moved for and granted, *Buller*, J., observing, that the court thought the record in the former cause admissible, but that it was not conclusive. In *Outram* v. *Morewood*, (3 *East's Rep.* 346. 366.,) the case of *Kinnersley* v. *Orpe* came under review, and Lord *Ellenborough* observed, " that it was extraordinary that it should have been, for a moment, supposed that there could have been an estoppel in such a case." " The doubt," he says, " seems rather to be, whether the former record was at all admissible in evidence against the defendant, who was no party to the former action." In the case of *Green* v. *The New River Company*, (4 *Term Rep.* 590.,) it was decided by the court, that in an action against the master for the negligence of the servant, the servant could not be a witness without being released ; for in case of a recovery against the master, the verdict might be given in evidence in a suit by the master against the servant, to ascertain the *quantum* of damages, though not as to the fact of negligence. Mr. *Phillips*, in his treatise on evidence, a work of great merit, says, that it is not easy to reconcile, with the general rule of evidence, the case of *Kinnersley* v. *Orpe* ; and, certainly, Lord *Ellenborough* strongly doubts the authority of that case. It appears to me, that it is reconcilable with the rules of evidence, on this ground only, that both suits were substantially against Doctor *Cotton* himself, inasmuch as the acts of trespass were committed by his express direction, for the very purpose of trying the right to the fishery ; he defended both suits, and though there were, nominally, different defendants, substantially, *Cotton* was the real defendant.

The witness, as part owner of the vessel of which the defendant was master, is undoubtedly responsible for his acts of commission or omission ; but he is responsible on the sole ground that the defendant was his servant, and was, at the time, in the performance of his duty as servant ; and it is very certain that the verdict against the defendant could not be given in evidence against the witness as master and owner, either to establish the fact of negligence, or the *quantum* of damages. The case already cited of *Green* v. *The New River Company*, is an authority for both these propositions : for though, in that case,

the verdict against the master for the negligence of the servant was held to be admissible only as evidence of special damages, to show the amount of what the master was, by process of law, compelled to pay for the negligence of his servant, it was decided not to be evidence of the fact of negligence. Where there is a recovery against the servant, and satisfaction is not obtained. and a suit is afterwards brought against the master, the verdict against the servant cannot be evidence of the *quantum* of damages, because, as between the master and servant, the latter has no right of action against the former. If, then, the verdict against the servant cannot be given in evidence in a suit against the master, it is, I think, well settled, that an acquittal of the servant cannot be given in evidence by the master in a subsequent suit to be brought against him; for no record of conviction or verdict can be given in evidence, but such whereof the benefit may be mutual; that is, such as might have been given in evidence either by the plaintiff or the defendant. The rule is this, that no person can derive benefit from a verdict who would not have been prejudiced by it, had it gone contrary. (*Rep. temp. Holt*, 134. *Bull. N. P.* 233. *Gilb.* 232. *Dutchess of Kingston's Case*, 11 *State Trials*. *Phillips' Ev.* 231. *Peake's Ev.* 38. 1 *Mun.* 394. 398. 403. 407.)

There is another principle applicable to this case: if the acquittal of the servant might be given in evidence in a subsequent suit against the master, which I am clearly of opinion it could not, that acquittal being procured by the evidence of the master, that, of itself, would exclude the giving the verdict in evidence. This principle was laid down and adopted by the court of C. B. in *Nix* v. *Cutting*, (4 *Taunt. Rep.* 18.) In any view, therefore, the witness ought to have been admitted; the relation in which he stood affecting his credit, not his competency.

Judgment reversed.