### Case No. 3,809a.

### DENT v. ASHLEY.

[Hempst. 54.][1]

Superior Court, Territory of Arkansas. April, 1828.

ADMINISTRATORS IN DIFFERENT STATES — PRIVITY —ACTIONS ON JUDGMENTS.

Where administration of an estate is granted in two states, there is no privity between the administrators, and hence a judgment against one cannot be made the basis of an action against the other.

[Action at law by Frederick Dent against Chester Ashley, administrator of William M. O'Hara.]

Before JOHNSON, ESKRIDGE, and TRIMBLE, Judges.

[1] [Reported by Samuel H. Hempstead, Esq.]

ESKRIDGE, Judge, delivered the opinion of the court.

This is an action of debt, brought by the plaintiff against Ashley, administrator of the estate of William M. O'Hara, deceased, upon a judgment recovered in the state of Missouri by the plaintiff Dent against Susan O'Hara, administratrix, and Paul Anderson and Robert Simpson, administrators, of the estate of William M. O'Hara, in the state of Missouri. The defendant filed five several pleas; to the second, fourth and fifth of which, the plaintiff demurs generally; and takes issue upon the first and third. This state of pleading enables us to look back to the declaration, and ascertain whether a sufficient cause of action has been set forth in it, to authorize a judgment in favor of the plaintiff. Beauchamp v. Mudd, Hardin, 174. The judgment upon which this action is founded, is against the administrators of O'Hara, in Missouri, and we are at a loss to see how it can be used as evidence of debt, or be the basis of a suit against the administrators of O'Hara here. There is, unquestionably, according to the well-known rules of law, no connection or privity between the administrators in Missouri and the administrator in Arkansas. 3 P. Wms. 369; 2 Rawle, 431; 5 Mass. 67. The principle is universally acknowledged, that no one can be bound by a verdict or judgment unless he be a party to the suit, or be in privity with the party, or possess the power of making himself a party. The reason is obvious. He has no power of cross-examining witnesses, or of adducing evidence in maintenance of his rights; in short, he is deprived of all means provided by law for ascertaining the truth, and consequently it would be repugnant to the first principles of justice, that he should be bound by the result of an inquiry to which he is altogether a stranger. Wood v. Davis, 7 Cranch [11 U. S.] 271; Davis v. Wood, 1 Wheat. [14 U. S.] 6; Paynes v. Coles, 1 Munf. 373; Turpin v. Thomas, 2 Hen. & M. 139; Jackson v. Vedder, 3 Johns. 8; Case v. Reeve, 14 Johns. 79,—are in illustration of this rule. In the case of Grout v. Chamberlin, 4 Mass. 613, it is decided that a judgment recovered by an executor is no bar to an action brought by the administrator de bonis non cum testamento annexo, for the same cause, there being no privity. The first judgment cannot, at common law, be enforced by the administrator de bonis non, but becomes inoperative. We are, therefore, of opinion that the declaration is insufficient in not setting forth a ground of action.[2]  Judgment for defendant.

[2] Stacy v. Thrasher, 6 How. [47 U. S.] 44; Pond v. Makepeace, 2 Metc. [Mass.] 114; (as to privity, 1 Greenl. Ev. § 523;) Chapman v. Fish, 6 Hill, 554; Aspden v. Nixon, 4 How. [45 U. S.] 467.