### Ten Eyck vs. Bill.

An *interest* in a cause to exclude a witness must be direct and certain, not contingent; when, therefore, a witness had *the promise* of an order for the amount in controversy when recovered, such promise was held not to render him incompetent.

Where a witness is disqualified by interest and testifies in a cause, and after giving his testimony the interest is released, such release will not render his testimony good without a re-examination.

ERROR from the Albany common pleas. Bill sued Ten Eyck in the common pleas and declared against him in *trover* for a horse. Ten Eyck, as sheriff of the city and county of Albany, had taken the horse by virtue of an execution on a judgment in favor of one Mapes against one McElroy, and sold the same to Philo Fuller for the sum of $72, and the money remained in the hands of the sheriff. Fuller was call-

NEW-YORK,
May, 1830.

Ten Eyck
v.
Bill.

ed as a witness to prove that the horse was the property of the plaintiff. The defendant objected to his competency on the ground of interest. Fuller stated on his *voire dire*, that the plaintiff then was and for some time had been indebted to him in the sum of $120; that the plaintiff had not any property, but although in insolvent circumstances, the witness believed that he would pay his demand whenever he had the abiliy to do so; that he expected, should the verdict in the suit be in favor of the plaintiff, to receive the amount which should be recovered towards payment of his demand against the plaintiff; that since the commencement of the suit the plaintiff had repeatedly said, that if it went in his favor, he, the witness, should have an order on the defendant for the amount of the verdict; that he, the witness, had informed the defendant of such promises of the plaintiff, and asked him whether he would hold the money until he, the witness, could obtain such order; that he *relied* on the promise of the plaintiff and expected to obtain such order as soon as a verdict should be obtained in favor of the plaintiff. After hearing this statement, the court decided that the witness was not incompetent, and the defendant excepted. The witness was then sworn *in chief*, and proved the property in the horse to be in the plaintiff. After testimony had been offered on the part of the defendant to shew the property of the horse to be in McElroy, the defendant in the execution, *Fuller* was again called by the plaintiff and gave the same evidence he had given as when examined on his *voire dire*. The plaintiff then produced a *release* executed by the witness Fuller, of all claims and demands he had to any money in the hands of the defendant, or by reason of a judgment that might be obtained against the defendant for the payment of any claim he had against the plaintiff; he also produced a written revocation by him of any order or direction he had given to the defendant to pay any money to the witness. The counsel for the defendant insisted that the release and revocation were insufficient to render the witness competent; the court, however, permitted the papers to be read to the jury, and in their charge to them, submitted to their consideration the testimony of Fuller. After the release and revocation, Fuller did not again testify. The counsel for the

defendant excepted to the several decisions of the court.

The jury found for the plaintiff with $72 damages, on which judgment was rendered.

*P. Gansevoort*, for plaintiff in error.

*C. Pepper*, for defendant in error.

*By the Court*, Savage, Ch. J. The rule is, that an interest in the cause to exclude a witness must be direct and certain, not contingent. In *Peyton* v. *Hallett*, 1 *Caines*, 362, it appeared that the witness had received from the plaintiff, for a debt due from the plaintiff, *an order* on the plaintiff's agent to be paid out of the money to be recovered in that suit, though the order was not accepted. He added, that whether the order was accepted or not, he should look to the plaintiff for payment of his debt. The court held the witness was incompetent on the ground of interest. Lewis, Ch. J. thought the witness not interested because the bill or order had not been accepted, nor had the fund come to the hands of the agent. In this case the fund was in the hands of the sheriff, and the plaintiff below had agreed to give an order for it which the witness relied on ; and the witness had no other prospect of immediate payment, as the plaintiff was destitute of property and insolvent.

That case has subsequently been referred to as containing the correct rule in such cases. *Stewart* v. *Kip*, 5 *Johns. R.* 256. In the language of Spencer, justice, in the latter case, the witness in *Peyton* v. *Hallett*, was called to create a fund upon which, when created, he would have a lien. Such was the case also in *Powell* v. *Gordon*, 2 *Esp.* 735, where the witness was a creditor of the plaintiff, and had a power of attorney to receive the money when collected, out of which he meant to pay himself. The case of *Innis* v. *Miller*, 2 *Dallas*, 50, goes further ; the court there say, that a creditor is excluded from giving testimony if he acknowledges an expectation that he shall be bettered by the fate of the cause ; they say he is sensible of a positive interest that must give a bias to his mind.

The rule laid down by elementary writers is, that the interest to render a witness incompetent, must be a present

certain vested interest, and not uncertain or contingent. 2 *Starkie's Ev.* 745. 1 *Phil. Ev.* 50. *Phillips* says, if a person promise a witness that in case of recovery of lands he will grant him a lease of them, this excludes him, for he would have a fixed and certain advantage. If this be a correct definition of a certain benefit, then the witness in the case now under consideration had a certain interest. But the cases in our court seem to have looked at the *legal rights.* In the case of *Peyton* v. *Hallett,* the plaintiff had given a written order to the witness; and in *Powell* v. *Gordon,* the witness had a power of attorney. In those cases it might be said, that when the fund was created the witness would have a lien, which can hardly be said where the witness has only *the promise* of the plaintiff. It is true the bias of the witness, if he confidently expects the money when collected will be applied to the payment of his debt, may be as great in one case as the other, but that goes to his credibility, and not to his competency. It is certain that in this case there was *no legal title* to the money in the witness; and as courts of late have been disposed to consider objections of this kind applicable rather to the credit than the competency, I am inclined to think the witness competent.

If, however, he was disqualified by interest, the release did not render his testimony good in the cause without re-examination. 14 *Johns. R.* 378. 2 *Nott & M'Cord,* 308.

Judgment affirmed.