## WATSON vs. SMITH.

The *marine court* of the city of New York have power to issue a *commission to examine witnesses* residing abroad.

The *assignor* of a chose in action is a competent witness for an attorney who commences a suit upon the same, upon the employment of the assignee, and subsequently claims the costs of such suit of the assignee.

ERROR from the superior court of the city of New York. Smith sued Watson in the *marine court* of the city of New York, to recover the costs of certain suits prosecuted by him, as the attorney of Watson, for the recovery of a demand assigned to Watson by one W. A. Blackney, and also to recover the cost of the defence of one of the suits which Smith had been obliged to advance. The suits in which the costs accrued, were prosecuted in the name of Blackney. The testimony of Blackney was taken under a *commission to examine witnesses,* issued by the marine court. It was objected that the marine court had no authority to issue the commission, and the testimony of Blackney, taken under it, was also objected to, on the ground of interest, because he was the plaintiff in the suit, and therefore primarily liable for the costs. Both objections were overruled by the marine court, and judgment rendered for the plaintiff, which, on *certiorari,* was *affirmed* by the superior court. The defendant sued out a writ of error.

*C. Judson,* for plaintiff in error.

*G. Clark,* for defendant in error.

ALBANY,
Oct. 1834.

Watson
v.
Smith.

*By the Court,* SAVAGE, Ch. J. As to the first point, it is only necessary to say, that the marine court is declared by statute a court of record, and all courts of record are authorized to issue commissions. It is true some of the provisions of the statute respecting the issuing of commissions do not apply to the *marine court;* such, for instance, as that a commission may be issued after interlocutory judgment, to be issued upon the execution of a writ of inquiry; but still the statute gives the power, and it is a salutary one. It is not for this court to say that it shall not be exercised. It is indeed singular that the legislature should give this court power to send a commision into other states and foreign countries to take testimony, and yet not authorize it to send subpœna into an adjoining county; but it is our business to ascertain the law, not to make it.

The next question is, whether Blackney was interested. He had become insolvent, and assigned his property and choses in action to Watson, who was one of his creditors. The suits in which costs accrued to Smith were brought in Blackney's name, founded on a note payable to him. I cannot perceive that Blackney had any interest in the event of his suit. Smith was employed by Watson, as is proved by Watson's letter. Blackney was but the nominal plaintiff, and had no interest, except that he might be responsible for costs to the defendant in those suits. Those costs have been paid by the plaintiff, Smith. He could not recover them of Blackney, without showing a request by Blackney. The judgment in this case could not be evidence for nor against him; he was a competent witness. Whether the testimony was sufficient, is not a question to be reviewed on writ of error.

                                        Judgment affirmed.