Curia, per

Earle, J.
In Boatwright vs. Bookman et al. this Court decided that the right to take fish in public navigable rivers is common to. all; and that, in the exercise of that right, one may lawfully put a trap, or other fixture in the channel of the river, without making himself liable as for a public nuisance, if such trap or other fixture do not interfere with the navigation, or obstruct the free passage of fish. Whether the public is the actual owner of the soil covered by water in such fivers, or has merely a servitude for the public interest, as a *261 highway by water, the Court thought might deserve consideration ; and they did not think it necessary to decide whether the owners of the soil on either side possess any exclusive right of fishery, or to what extent. In this case the grants, both of the plaintiff and defendant, do not stop with the shore, calling for the river as a boundary, but have been so located as to include the whole stream on the western side of Mountain Island, the channel on the eastern side being that which is used for navigation; — and they both include the place, in the stream, where the plaintiff’s fixture was put up. ■ That under which the plaintiff claims, is by.many years the oldest; and, as the land granted in both is on the same side of the stream, no question.arises on the application of the rule of usque adJilum aquas. But, in such a stream, not navigable, and not proved to be capable of being made navigable, the Court would not undertake to say that the owner of the soil may not have, by virtue of his grant, an exclusive right of fishery to the middle of the stream. Indeed, at common law, such a right would exist, without regard to the circumstance of its being capable of navigation. How far that principle is, .applicable in this country, and how far it may have been modified by legislation or usage, need not here be con* sidered. I presume any exclusive individual right in the owner of the soil, if allowed to exist, would, of course, be subject to such municipal regulations as the Legislature might adopt, both in regard to navigation and in regard to the free passage of fish.
Whether therefore, as in Pennsylvania, the soil and the waters of rivers, such as the Catawba, with the rights and privileges incident thereto, remain with the public, (which, as was said in Boatwright vs. Bookman, may depend on the Acts regulating the granting of vacant lands, or on the grants themselves,)-; — or whether, as at common law, the owner of the adjoining land is entitled to the exclusive fishery to the middle qf the stream; the defendant, and those under whom he *262 claims, are equally excluded from any supposed benefit derived from the grant to Massey in 1793. In the former case, the grant, if the oldest or only grant, conferred no right of exclusive fishery as incident or appurtenant. In the latter case, the right had already vested in a former proprietor by virtue of the grant to Platt in 1772. Supposing the right not to be incident to the grant, but to be public and common, then the plaintiff in the exercise of a common right, had erected a fixture or fish stand, where he lawfully might and for a lawful purpose, — and it was a trespass to destroy it. So, if it were incident to the grant, and passed with it, he was equally in the exercise and enjoyment of his exclusive right, and the defendant was equally a trespasser.
But the right of fishery, either as against the public, or as against an individual proprietor, may be acquired by prescription. And such was the defence attempted here. But the right by prescription which the defendant set up, was not alleged to have been acquired by himself, but by Perry, a former proprietor of the land granted to Massey, under whom defendant also claimed the same land. None of these parties, either plaintiff or defendant, were, or had been in the actual occupation or cultivation of the land granted. The constructive possession of the soil, therefore, was with the plaintiff. But the case attempted to be made, was that Perry had, for very many years, annually occupied this particular spot, with a similar structure, for the purpose of taking fish, and had therefore acquired a prescriptive right, either against the public, or against the individual proprietor of the elder grant. And for this purpose he offered Jeremiah Gaither as a witness, whose competency was objected to, on the ground of interest, from these facts: Massey conveyed to Perry, about 1802; Perry conveyed to defendant, Lewis, an undivided half of the land, in 1827, describing it as “a plantation or tract of land lying on an Island in the Catawba River, known by the name pf Mountain Island,” with the appurtenances; and, in 1831, *263 the other half was sold by the Sheriff, under judgment and execution, as Perry’s property, and purchased by Gaither, to whom the Sheriff conveyed it. He was therefore tenant hi common with Lewis, and said to have an interest in sustaining the prescriptive right; and was excluded by the Court. This constitutes one ground of exception to the verdict. The Court are of opinion that the witness was competent.
In regard to the interest which will exclude a witness, the general rule seems to be, that if a witness will not gain or lose by the event of the trial, or if the verdict cannot be given in evidence for or against him, in another suit, the objection goes to his credit only, and not to his competency. An interest in the question only, will not, therefore, generally disqualify a witness. He must either be interested in the result of the action, or in the record, as an instrument of evidence. In the application of this rule, it is held that, where a right of common is claimed by custom, one who claims under the same custom cannot be a witness in support of the claim, as he might afterwards use the verdict, in his own cause, to establish his own customary right. (1 Term 302; 3 id, 32.) And here, if the defendant had justified by plea, under a prescriptive right of fishery in himself and Gaither jointly, and had offered Gaither to prove it in Perry, their grantor, in right of the particular estate which they held of him, I think he would clearly have been incompetent Jacobson vs. Fountain et. al. (2 John. Rep. 170.) But the plea is liberum tenementum in the defendant; and the proof was that Perry, in whom they set up the prescriptive right, was never in the occupation and enjoyment of the particular estate, the freehold of which was in the plaintiff. Whatever right, therefore, may have been established by prescription in Perry, either against the public, or against the grantors of the plaintiff, was an incorporeal hereditament, not incident to the particular estate, and, therefore, did not pass to Gaither, or to the defendant, by virtue of the several deeds under which *264 they held; Got denying that it may have been such a right as would pass by deed. Gáither, therefore, had no interest in the result of the action, nor in the record as an instrument of evidence. But the same considerations which prove the competency of the witness, show that the proof could not havé availed the defendant; and that the issue made, whether there existed a prescriptive right in Perry, was an immaterial issue. The action was trespass; on the plea of lib. ten.-, the case was against the defendant. And it was no justification that Perry, who, in that regard, was a stranger, had a right, by prescription to take fish there.
ClarTi Sf MDowell, for the motion; Gregg, contra:
As the counsel who makes the motion states distinctly, that Gaither was offered only to sustain the prescription in Perryj and for no other purpose; and as we think it could not have availed the defendant, if established, it could be of no benefit to order a new trial on that ground.
The motion is therefore refused.
Gantt, Richardson, O’Neall, Evans and Butler, JJs concurred.