## ALEXANDER *vs.* TAYLOR.

A record of a recovery in another suit is evidence only against parties and privies.

It is not enough that the person against whom the former judgment was rendered was the servant of the party against whom it is offered in evidence, and had attempted to defend in that character.

Accordingly, where the defendant in an action of trover, had recovered judgment in replevin for the same property, against J. W. S., who was in the employment of the plaintiff in the first mentioned suit, and who set up in his defence that the property belonged to his employer, and that he took it as his servant and agent; *held* that the record of such former recovery was not admissible for the defendant in the action of trover.

If it were competent it would be only evidence and not a conclusive bar.

ERROR to the St. Lawrence common pleas, where an action of trover by Alexander against Taylor was tried in May, 1845, on appeal from a justice's court. The plaintiff sought to recover for the conversion of a mare. Plea, not guilty, with notice of special matter.

In 1841, the mare in question was owned by Rice & Tucker, who were partners, and resided at Brasier, St. Lawrence county. The plaintiff lived at Syracuse, but had a store and furnace at Brasier, the business of which was conducted for him by J. W. Skinner, as his agent. In June, 1841, Rice & Tucker being indebted to the plaintiff in $250, executed to him a mortgage of this animal and other property, to secure that debt, conditioned to be void if they should pay the debt by the first of June, 1842, and it authorized the plaintiff to take possession and sell

Alexander *v.* Taylor.

the property before that time, if he should consider himself insecure. The mortgage was filed in the proper town clerk's office. At the time of the execution of the mortgage the mare was in the possession of Skinner, the plaintiff's agent, but was shortly afterwards missing, and was found in the defendant's possession, who refused to give her up upon a demand made on behalf of the plaintiff.

The defendant proved a judgment in his favor rendered in the common pleas of St. Lawrence county, in an action of replevin for two mares, against Skinner and one Winchell. The suit, as appeared by the record, was commenced in 1841. The defendant Skinner pleaded *non cepit*, and gave notice setting forth the ownership of the mares by Rice & Tucker, the execution of the chattel mortgage as above mentioned, and that the plaintiff deeming himself insecure, he, Skinner, as his agent and servant, took the mares, &c. Winchell interposed a similar defence. The cause was tried in May, 1843, when the plaintiff had a verdict and judgment. The plaintiff, in this suit, objected to the reading of the record, but the objection was overruled, and the plaintiff excepted. The defendant's counsel then moved for a nonsuit, on the ground that the judgment was a bar to the action; and the court being of that opinion, the plaintiff was nonsuited, and he excepted. Error was brought on a bill of exceptions.

*James & Brown,* for the plaintiff, insisted that the judgment in the suit against Skinner and Winchell was not evidence in this suit; or if it were, that it was not conclusive. They cited *Case* v. *Reeve,* (14 *John.* 79;) *Lawrence* v. *Hunt,* (10 *Wend.* 80;) *Ryerss* v. *Ripley,* (25 *id.* 432;) *Wheeler* v. *Ryerss,* (4 *Hill,* 466.)

*C. G. Myers,* for the defendant in error, cited *Kinnersley* v. *Orpe,* (2 *Doug.* 517;) *Hancock* v. *Welsh,* (1 *Starkie's R.* 277;) 1 *Phil. Ev.* 321, 333; *Cowen & Hill's Notes,* 824, 826.

*By the Court*, BEARDSLEY, J.   The common pleas erred in holding that the judgment in the action of replevin was a bar to the action of trover.   The plaintiff in the latter case was not shown to have had any concern with the action of replevin; he was not a party to it, nor in privity with any such party. Upon no principle, therefore, could he be concluded by that judgment.

None of the authorities referred to by the counsel for the defendant in error, sustain the decision made by the common pleas.   *Kinnersley* v. *Orpe*, (2 *Doug.* 499,) rests on the principle that the real defendant, in the case on trial and in the former action, was one and the same person.   It was so understood by Chief Justice Spencer, in *Case* v. *Reeve*, (14 *John.* 82,) and on no other ground is it reconcileable with well established rules of evidence.   (*Cowen & Hill's Notes*, 812.)   Besides, the common pleas held the former judgment to be not merely evidence, but that it was conclusive as a bar.   In *Kinnersley* v. *Orpe*, the contrary was adjudged, the court holding that although the evidence was admissible it was not conclusive.

It might be added that the bill of exceptions does not show that the mare, for which the action of trover was brought, was one of the two in question in the action of replevin.   It may have been conceded on the trial that such was the fact, but the bill of exceptions would not authorize any such conclusion. The notices, put in by the defendants in replevin, under their pleas, proved nothing against the plaintiff in the action of trover; and, as far as this bill of exceptions discloses, he was an entire stranger to the action of replevin, and to the act for which it was prosecuted.   It does not even appear that he ever heard of either until the record of judgment was brought up against him on the trial.

Judgment reversed.