## Case No. 2,202.

### BURROUGHS et al. v. UNITED STATES.

[2 Paine (1856) 569.] [1]

Circuit Court, D. New York. [2]

PRINCIPAL AND SURETY—RIGHTS OF CREDITOR IN SECURITIES GIVEN SURETY — COMPETENCY OF WITNESS—BIAS—INTEREST.

1. Where a mortgage is given solely for the purpose of indemnifying the mortgagee against a bond executed by him as surety, a court of chancery will consider such collateral security as a trust created for the better protection of the debt, and will see that it is applied to the purpose intended.

[See Wiggin v. Dorr, Case No. 17,625; Hampton v. Phipps, 108 U. S. 260, 2 Sup. Ct. 622; Ex parte Morris, Case No. 9,823.]

2. That a witness has a strong bias in favor of a party will not exclude him; such an objection not going to his competency but to his credibility.

3. There ought to be a legal fixed interest in order to disqualify a witness. The bare possibility of an action being brought against him, is no objection to his competency. There must be an actual existing interest at the time; not merely one that is expectant or contingent.

[Bill by the United States against Thomas C. Butler and Josiah Sturges to set aside a mortgage executed by Butler and wife to Sturges to indemnify the latter against a bond for the payment of duties, or, by way of other relief, to have the benefit of the mortgage applied to the use of the complainant. Sturges answered, setting forth the assignment of the mortgage by him to Oliver Sturges and Benjamin Burroughs, whereupon complainant filed a supplemental bill against Burroughs as survivor. Replications were filed to the original and supplemental bills, proofs were taken and an order of reference to a master was made to take and state an account between the defendants Butler and Josiah Sturges. See U. S. v. Sturges, Case No. 16,414. The master rejected Sturges as a witness on behalf of the defendant Burroughs because of interest, but the court now decides him to be competent to testify in that behalf.]

THOMPSON, Circuit Justice. This cause having been referred to a master, to take an account between Butler and Sturges (1 Paine, 525 [U. S. v. Sturges, Case No. 16,-414]), upon the hearing before the master, Sturges was offered as a witness for the defendant, Burroughs, and rejected by the master; and whether he was a competent witness or not, is the sole question upon the present motion. In the report of this case [Case No. 16,414] will be seen the grounds upon which it was deemed necessary that an account should be taken between Butler and Sturges. They were the only original defendants. The bill was filed against them for the purpose of removing the incumbrance of a certain mortgage bearing date the 12th of August, 1816, given by Butler and his wife to Sturges, to secure the payment of $27,000, so as to let in a judgment which the United States, some short time thereafter, had recovered against Butler upon a bond which he had executed as security for Minturn & Champlain, for the payment of duties. A judgment had also been recovered against Sturges upon the same bond. The allegation in the bill is, that although this mortgage, upon its face, purports to be for securing the payment of $27,000, it was in fact given to indemnify Sturges against the bond which he had given as surety for Minturn & Champlain, and for no other purpose. Butler, in his answer, denies that the mortgage was given for the purpose of securing Sturges, but alleges that it was executed, and recorded, and retained by him for upwards of two years, solely with the view of raising money to pay off the judgments upon the Minturn & Champlain bond; and he denies that at the time of executing the mortgage, or at any time since, he was indebted to Sturges. Sturges, in his answer, denies that the mortgage was given to secure him against the Minturn & Champlain bond exclusively, but that it was also intended to secure him for all moneys owing to him by Butler, and against all liabilities incurred by him for Butler; and alleges, that Butler was indebted to him in a large sum of money, and that he had become responsible for him as endorser of notes and acceptor of bills of exchange to a large amount; and Sturges, in his answer, sets up, that being indebted to Oliver Sturges and Benjamin Burroughs in the sum of $15,000, he, on the 9th of October, 1821, assigned the said mortgage to them in full and complete satisfaction of said debt, and was thereupon released by them from the same. The United States, upon this disclosure, filed a supplemental bill against Burroughs, as survivor of Sturges & Burroughs, and calling upon him to answer the allegations in the bill, and praying to have that assignment given up and cancelled, so as to enable the United States to enforce their judgment against the mortgage premises. Burroughs, in his answer, alleges, that the mortgage was assigned to him in satisfaction of the debt, which was still due and unpaid, except so far as it had been paid by the assignment. He denies any knowledge of the judgments of the United States, or that the mortgage was given to indemnify Josiah Sturges against the debt of the United States; and avers, that the assignment of the mortgage was executed bona fide, to secure the debt due to Sturges & Burroughs, and for no other purpose.

In the opinion pronounced in this cause, the court considered Burroughs, the assignee of the mortgage, as standing in the place of Sturges, the assignor; and that he took the assignment, subject to the same equities it was subject to in the hands of the assignor,

---

[1] [Reported by Elijah Paine, Jr., Esq.]
[2] [The date of this decision cannot be ascertained with accuracy.]

and that the United States claimed only to stand in the place of Butler, and to redeem or remove this mortgage upon the same terms, which he might have done. If the allegation in the bill is established, that the mortgage was given solely for the purpose of indemnifying Sturges against the bond he had executed as surety for Minturn & Champlain, the United States having a judgment on this bond against Sturges, a court of chancery will consider such collateral security as a trust created for the better protection of the debt, and will see that it is applied to the purpose intended; but the allegation on the other side is, that the mortgage was not given solely for this purpose, but as a security for all debts due from Butler to Sturges, and an indemnity against all responsibilities incurred for him. And if this was the purpose for which the mortgage was given, the court considered it a legal purpose, which must be fulfilled before the United States could remove it out of the way of the judgment; and the only question now is, whether, under this posture of the case, Sturges can be examined as a witness for Burroughs; and I am unable to discover any interest in him which ought to exclude him. He may have a strong bias in favor of the defendant, but this must go to his credibility, and not to his competency.[3] The recitals in the assignment of the mortgage will estop Burroughs from setting up any claim against Sturges beyond the $15,000, and there is a full and absolute release and discharge of this debt. The assignment contains no covenant upon which Sturges could be made responsible, if Burroughs shall fail in recovering the debt of Butler. The assignee is to have and to hold the premises in as full and ample manner as the assignor held and enjoyed the same under and by virtue of the mortgage, giving power and authority to receive the money secured thereby whenever the same should be paid by Butler. He only covenants that he had good right to assign the mortgage, and that the assignee should hold the same, subject to the right of redemption; but there is no covenant that anything should be recovered or received under and by virtue of the mortgage. And with respect to his liability for costs, it does not, under the circumstances of the case as now appearing, present that certain liability, if the decree shall be in favor of the complainants, so as to exclude him on that ground. The general rule is to look for costs to the party beneficially interested in the subject-matter of the suit, and that party is manifestly Burroughs in this case. Had the assignment of the mortgage been known to the complainants, Sturges, if made a party, would have been a mere nominal party; and if circumstances shall hereafter appear, in the progress of the cause, which shall be deemed sufficient to warrant the court in punishing Sturges with costs, this ought not to exclude him. There ought to be a legal fixed interest, in order to disqualify a witness. 10 Johns. 21. A remote or contingent interest affects his credit only. 5 Johns. 256; 1 Johns. 491. The bare possibility of an action being brought against the witness, is no objection to his competency. 1 Term R. 163. There must be an actual existing interest at the time, to disqualify a witness, not merely one that is expectant or contingent. 4 Term R. 17; 6 Term. R. 157. The strict rule, as laid down in the earlier cases on this subject, has latterly been very much relaxed. It has been found better to promote the ends of justice to let the objection go to the credit, and not to the competency of the witness.

Josiah Sturges is, accordingly, deemed a competent witness, and entitled to be examined before the master.

[NOTE 1. Certain compromises were subsequently made, in pursuance of which the premises were sold, and the proceeds applied to the judgment. Thereafter complainant filed another supplemental bill, to which Laird M. H. Butler and Jonas Butler, who claimed some interest by assignment from Thomas C. Butler, were made parties, which bill sought to have moneys in the receiver's hands also applied to the judgment. To this supplemental bill the defendants Thomas C. and Laird M. H. Butler demurred, and the demurrer was overruled. See U. S. v. Butler, Case No. 14,696.]

NOTE 2 [from original report]. The belief of a witness that he is interested in the event of the suit, or a feeling of honorary obligation to the party calling him, it seems, is no objection to his competency, if in fact he has no legal or equitable interest in the event of the suit. Stall v. Catskill Bank, 18 Wend. 466; Gilpin v. Vincent, 9 Johns. 219; Stockham v. Jones, 10 Johns. 21; Moore v. Hitchcock, 4 Wend. 292; Frost v. Hill, 3 Wend. 386; Watson v. Smith, 13 Wend. 51. A person is not incompetent as a witness because he believes himself interested in the event of the suit; the court and not the person called as a witness must decide upon his competency. Objections arising from a supposed moral or honorary obligation, go merely to the credibility of the witness. Commercial Bank of Albany v. Hughes, 17 Wend. 94. The general rule as to the competency of a witness, although there may be some technical exceptions, is that if the witness will not gain or lose by the event of the cause, or if the verdict cannot be given in evidence for or against him in another suit, the objection goes to his credit only, and not to his competency. Id., 14 Johns. 81. The general rule is, that if a witness cannot gain or lose by the event of a suit, or if the verdict cannot be given in evidence for or against him, in another suit, the objection goes to his credit, and not to his competency. Van Nuys v. Terhune, 3 Johns. Cas. 82; Case v. Reeve, 14 Johns. 79. An interest in the question only does not disqualify a witness, but the objection goes to his credit only. Id. It was held, that if the effect of the testimony of a witness be to create or increase a fund in which he will be entitled to participate he is incompetent. Phoenix v. Assignees of Ingraham, 5 Johns. 413; Peyton v. Hallett, 1 Caines. 364; Stewart v. Kip. 5 Johns. 256; Ten Eyck v. Bill, 5 Wend. 55. The competency of a witness on the score of interest must be shown to be certain: it may not be presumed from circumstances: when the effect of his testimony will be to increase, create or prevent the diminution of a fund in which he

is entitled to share, and without which his claim may be lost in whole or in part, the interest is direct and certain, and such witness may not testify. But if the fund actually exist, and will continue whatever the event of the suit, a witness called to protect or increase it, is competent, unless it appear that the fund as it is, is not enough to meet the charges on it. Duel v. Fisher, 4 Denio, 515. A remote or contingent interest goes only to the credit of the witness, not to his competency. Stewart v. Kip, 5 Johns. 256. A person interested in the event is competent, when called on to give evidence contrary to his interest. Jackson v. Vredenbergh, 1 Johns. 159. If a witness stands in that situation, that which way soever the suit may terminate, he will be equally liable, and to the same extent, to the losing party, he is admissible. Marquand v. Webb, 16 Johns. 89. In an action brought by an operative, under the city of New York lien law against the owner of a building, the builder cannot be a witness, being interested. And his incompetency cannot be removed by a release. Miner v. Hoyt, 4 Hill, 193. The necessity which authorizes the calling of an interested witness must be general in its nature, embracing a large and definite class of cases, and such as arises in the natural and usual course of human affairs. A teller in a bank comes within the rule, and is a competent witness for the bank, although he has given a bond with sureties for the correct discharge of his duties. U. S. Bank v. Stearns, 15 Wend. 314. Where, on a trial of a cause in assumpsit on a promissory note against several defendants, the jury were instructed to pass upon the liability of one of the defendants, and a verdict was rendered in his favor, he is not a competent witness in favor of his co-defendants. Griswold v. Sedgwick, 1 Wend. 126. If an action though in form ex delicto, is, in fact, founded on a joint contract of the defendants, and a person offered by them as a witness (e. g. case against common carriers), the rule that joint tort feasors are not liable to contribute, does not apply, and the witness is incompetent. Curtis v. Monteith, 1 Hill, 356. The rule that a release by one of several joint creditors, discharges the debtor as to all, does not apply to releases by partners, inter se. Id. Where the fact to be proved by a witness is favorable to the party who calls him, and the witness will derive a certain advantage from establishing the fact in the way proposed, he cannot be heard, whether the benefit be great or small. Marquand v. Webb, 16 Johns. 89. Where a defendant in ejectment sets up as a defence that he was not in possession when the declaration was served, his lessee is not a competent witness to the fact, as he has an interest both in the question and in the event. Van Den Bergh v. Trusdell, 12 Johns. 246. In ejectment for dower, the defendant offered B., his landlord, as a witness, and it appeared that B. had leased to the defendant for years, with a covenant for quiet enjoyment; and that B.'s title was a lease in fee from V., containing a like covenant, and reserving rent and a quarter sale; held, that B. was incompetent, notwithstanding V.'s covenant to him, his interest preponderating in favor of his tenant. Moak v. Johnson, 1 Hill, 99. The possession of the tenant being that of the landlord; in ejectment against the former, the latter is, in general, incompetent as a witness for him. Id. The witness' interest, in order to exclude him, must not have arisen after the fact to which he is called to testify happened, and by his own act, without the inference or consent of the party by whom he is called. Jackson v. Rumsey, 3 Johns. Cas. 234. Where a witness is interested in any part of the demand of the plaintiff, he cannot be admitted to testify as to another part. Gage v. Stewart, 4 Johns. 293. If a person whose lands are bound by a judgment, execute a deed with warranty of the same lands, and they are afterwards sold under a fi. fa. on that judgment, in an action be-

tween the vendee and the purchaser at the sheriff's sale, he is an incompetent witness to invalidate the judgment. Swift v. Dean, 6 Johns. 523. The vendor of a chattel is not a competent witness in an action against the vendee for taking it away, for he is bound to warrant the title. Heermance v. Vernoy, 6 Johns. 5. Where a witness has a direct interest, however small, in the event of a cause, he cannot be admitted to testify in any respect in favor of such interest. Butler v. Warren, 11 Johns. 57. See Marquand v. Webb, 16 Johns. 89. If a person has given a bond of indemnity to the plaintiff against the costs of the suit, he is an incompetent witness for the plaintiff, as to any point arising on the trial of the cause—such as the service of a notice on the defendant to produce certain papers at the trial. Id. A witness holding an order from a party, or his agent, to pay him a certain sum, in an action in which the drawer is plaintiff, is interested in the event of the cause, although the agent has not accepted the order, and the plaintiff is at all events responsible to the witness for the amount. Peyton v. Hallett, 1 Caines, 364. Where a witness, in any stage of a cause, in law or equity, discovers himself to be interested, his testimony may be rejected. Swift v. Dean, 6 Johns. 523. See Hosack's Ex'rs v. Rogers, 25 Wend. 313. An inhabitant of a place is incompetent to prove a common right of fishery in all the inhabitants of that place. Jacobson v. Fountain, 2 Johns. 170. But such an inhabitant is a competent witness for the party denying the right. Id. A release by such inhabitant, either to the opposite party in the suit, or to another person, of his right to the fishery, is inoperative, and will not restore his competency. Id. A. gave a deed with warranty to B., and afterward, by another deed with warranty, conveyed land adjoining to C.; in an action, in which the question was, whether the bonds of the land granted to B. did not extend so as to include the premises granted to C., A. is not a competent witness as to the boundaries, for he is interested to support C.'s title. Jackson v. Hallenback, 2 Johns. 394. If the interest of the witness arises after the fact to which he is called to testify happened, and the interest arises from his own act, without the privity or consent of the party calling him, such an interest will not destroy his competency. Jackson v. Rumsey, 3 Johns. Cas. 234. An interested person and even a party are competent to prove the death of a subscribing witness to a lease, in order to admit of secondary evidence. Jackson v. Davis, 5 Cow. 123. It seems that the reason why interest in the witness is no objection in such a case is, because the evidence is addressed to the court. Id.; 16 Johns. 193; 20 Johns. 144. If a witness will not gain or lose by the event of a cause, or if the verdict cannot be given in evidence for or against him in another suit, the objection goes to his credit only, and not to his competency. Van Nuys v. Terhune, 3 Johns. Cas. 82. An interest in a cause to exclude a witness must be direct and certain, not contingent; when, therefore, a witness had the promise of an order for the amount in controversy when recovered, such promise was held not to render him incompetent. Ten Eyck v. Bill, 5 Wend. 55; Cutler v. Rathbun, 3 Hill, 577. M. bought goods representing himself to be acting as the agent of B., and signed a note for the price in B.'s name. The goods were afterwards seized by a sheriff in virtue of a fi. fa. against M.; whereupon the vendor brought replevin for them against the sheriff, alleging that B. never authorized the purchase, and that M. had obtained them by fraud. Held, that B. was a competent witness for the vendor, though, at the time he was called, the testimony showed him prima facie liable as the purchaser. Cutler v. Rathbun, 3 Hill, 577. A transfer by a stockholder of his stock in an incorporated or joint stock company, passes his interest to the purchaser, although the transfer be not conforma-

ble to the by-laws of this company. And after such transfer, the former owner is a competent witness for the defendants in an action against the company. Gilbert v. Manchester Iron Co., 11 Wend. 627. A party having no fixed legal interest in the event of a cause, is a competent witness, although he declares himself bound, in honor, to share in the loss which may be secured by the party calling him. Moore v. Hitchcock, 4 Wend. 293. If a witness be called, and he declares himself interested on the side of the party who calls him, and this interest be so circumstanced that he cannot be released by the party calling him, and be will run the risk of the bias on the mind of the witness, then he ought to be sworn. Trustees of Lansingburgh v. Willard, 8 Johns. 428. But where a witness has in fact no legal interest in the event, and does not think himself legally interested in the event, but feels himself legally obligated in honor to share in the loss, if any, in such case it has been decided that he is competent and ought to be sworn. Gilpin v. Vincent, 9 Johns. 220. So, where the question was as to competency of the witness Hurd. He was a plaintiff in the judgment, by virtue of which the property in question was sold; he did not agree to indemnify the officer, but his co-plaintiff did, and he felt himself bound in honor to contribute to the indemnity of the sheriff. He was called to support the regularity of the sheriff's sale. If it was irregular, the sheriff was a trespasser, and might be made liable as such. The sheriff had his remedy against B., and the witness thought himself bound in honor (but not legally) to share the loss with B.; held, that he was, within the rules of the cases cited above, a competent witness, and should have been sworn. He had no fixed interest in the event of the suit. Moore v. Hitchcock, 4 Wend. 292. A debtor whose title to lands acquired under a judgment and execution against him is sought to be recovered by a purchaser, is interested, and not a competent witness for such purchaser, in an action brought for the recovery of lands. Jackson v. Peek, 4 Wend. 300. A party in possession of lands is a competent witness for a plaintiff in an action involving the title of such lands, although he admit that he should prefer that the plaintiff might succeed, hoping to purchase from him on better terms than from the defendant; the objection is to his credibility. Jackson v. Leek, 12 Wend. 105. A mere request to a party to become the surety of a third person in respect to the costs of a suit, without an offer to indemnify against risk, is enough to render the person making such request an incompetent witness. if such suretyship be assumed. Mulheran v. Gillespie, 12 Wend. 349. Where a judge at a trial receives the testimony of a witness, who is objected to as incompetent, upon the facts already proved. reserving the question of competency. the testimony of the witness thus sworn, de bene esse, is not to have any weight in determining his competency; but this must be referred exclusively to the other evidence given in the course of the trial. Mott v. Hicks, 1 Cow. 514. In an action against two defendants one dies after the suit is commenced; held, that the son of the deceased party was not competent to become a witness, although the death of the father was not suggested on the record; the fact being proved. the incompetency of the witness was established. Shepard v. Ward, 8 Wend. 542. The inclination in our courts has been "to confine the question of interest within strict and precise boundaries, and to let obligations go more to the credit than to the competency of witnesses." Beebe v. Bank of New York, 1 Johns. 577; McDonald v. Neilson, 2 Cow. 189. If a witness stands in that situation, that which way soever the suit may terminate, he will be equally liable, and to the same extent, to the losing party, he is admissible. Marquand v. Webb, 16 Johns. 89. Where a witness is interested against the party calling him, he is competent. Hurd v. West, 7 Cow. 752. Where a witness shows his interest on his voir dire arising under a sealed instrument, and by parol shows it at the same time discharged, he is a good witness. Fanning v. Myers, Anth. N. P. 65. Where the interest is strictly formal, and the witness cannot be benefited or injured by the course of the cause, he is competent. Main v. Newson, Anth. N. P. 18. n. a. It cannot be necessary for a party to call a witness who is interested against him; but if he elects to call such a witness, it is an admission of his credibility, and the other party may examine him generally. Varick v. Jackson, 2 Wend. 166. It is the constant practice of the court of chancery, where suits are brought for distinct causes of action, in which a witness may be interested in one part of the controversy only, to permit the person to be examined as to that part of the controversy in which he has no interest. Id. In such a case, in a court of common law, such court probably would permit him to be sworn specially, on the application of the party who could not call him as a witness generally. Id. Thus, where the defendants in an ejectment suit having called P. to testify in relation to matters in which they knew his interest was against them; held, that they were precluded from objecting to his examination by the other party. Id. P. was directly interested to have the lessors of the plaintiff recover, and therefore could not originally have been called by them as a witness; but being called and examined by the other party as to a particular fact, the court decided he might be examined by the plaintiff's counsel generally. Id.