'OPINION OF THE COURT.
1st Point. The doctrine contended for by the defendant’s counsel, that a prosecutor is bound'to make his election, and cannot, at the same time, be the prosecutor in an 'indictment, and the plaintiff in a civil suit, for the same assault and battery, is not recognised by the court. The prosecution is not carried on for the benefit of the prosecutor only. The whole community is interested in the execution of the penal laws. Any individual may become the prosecutor in an indictment, as well as the injured party. The object of public prosecutions is to give force and vigor to the laws, by showing the community, that they cannot be violated with impunity; to reclaim the offender, if possible, by the salutary restraint of punishment, and to secure and protect all the citizens in the enjoyment of their rights and privileges, by deterring the wicked and abandoned, through the fear of punishment, 'from the perpetration of similar offences. The public, therefore, cannot be deprived of their right to prosecute for every violation of the penal or criminal laws. Nor can we refuse to the injured individual, a remedy for the wrongs which he has received. The government guarantees to all its citizens, security in their lives, liberty and property. 'If either of these essential rights is violated, the Suffering party has a right to call upon the courts of justice to aid him in obtaining remuneration for the injury which he has received. If a public prosecution and a civil suit, could not be carried on at the same time, for‘the same offence, it Would be in the power of the injured party, to compound any offence. This, the law does not authorise.
The only case 'in point cited by the defendants’ counsel, is from Bay^s Reports. Although that case may be considered of binding authority in Sbuth Carolina, yet we do not think it has sufficient weight to overrule or even to counterbalance the cases referred to by the counsel for the prosecution: so that upon the score of both reason and authority, we feel ourselves bound to overrule the first reason assigned for a new trial.
2d Point. It is a general rule, that when a person is to be a gainer or loser by the event of a suit, he is an incompetent witness. But in many *16 cases, iu criminal prosecutions, an individual is admitted as a witness, although he may be a gainer by the conviction of the defendant: as in robbery, burglary and larceny, where upon conviction, there is a restitution of the goods stolen, and in all cases where a reward is given to the informer or prosecutor, upon conviction, whether given by statute, by proclamation, or by a private person. In all these cases, and in many others, where the witness may seem to have an interest in the conviction of the defendant, he is nevertheless, admitted, and his credibility is left to the jury. The courts in modern limes, are much more liberal in the admission of witnesses, than they were a century ago. Nothing now renders a witness incompetent but the infamy of his character, or an absolute and direct interest in the event of the suit, or unless the verdict and judgment in the suit in which he is to testify, can be given in evidence for or against him, in some future trial. The interest of the witness, to exclude his testimony, must be legal and fixed, absolute and direct, not remote and indeterminate, nor depending upon a contingency. Phil. 39; N. Y. Term Rep. 271. Thus a surety in an administration bond, is agood witnessfor the administrator in a suit brought against him as such. 1 Term Rep. 163. A deputy sheriff who has taken a prison bounds bond, is a competent witness for the sheriff, in a suit brought against him for an escape. 5 John. 256. A person liable to be assessed in the poor rates, may be a witness in settlement cases. 1 John. 490; 4 Term 17. So an agent is a witness, though he may by possibility gain or lose by the event of the suit. In these and many other cases, where the liability of the witness is remote or contingent, he is uniformly admitted, and this possibility of interest is considered as going to his credibility, not to his competency.
What interest has the prosecutor in this case? He may bo obliged to pay costs, if the prosecution fail, and appear to be frivolous or malicious. This liability is too remote, and depends upon too many contingencies, to render him an incompetent witness.
3d Point. On the third point, the court had at first some doubts, but upon reflection, and an examination of the authorities, those doubts are removed. It is very clear, that when two or more persons are guilty of the same offence, they may be indicted jointly, and when jointly indicted, may be tried together, although they sever in pleading, unless the court, in their discretion, direct them to be tried separately. The only good reason why *17 xm or more, joined in the same indictment, may be tried together, is conceived to he, that their offence is the same, committed at the same time, and the evidence against the one, is equally, applicable to the other. These reasons apply equally to several indictments, where the offence is the same, and committed at the same time. Two persons whose offence is not precisely the same, as a principal and accessary, may be tried together, if they are indicted jointly; and it is conceived, that there are stronger reasons for trying two persons together who are guilty-of precisely the same offence, although they may be severally indicted. The court have the power in either case to direct a separate trial when the circumstances require it, or injustice would otherwise be done. In this case such necessity does not seem to exist. The defendants cannot, as a matter of right, claim a separate trial, unless, from the nature of the-offence, they are entitled to peremptory challenges. 4 John. 296, &c. But it is said, that it puts it in the power of the attorney general, to deprivea partyof his witnesses. He could as easily do this by indicting them jointly. It is the circumstance of both defendants being indicted for the same offence that excludes the one from giving testimony for the other. It makes no difference, in that respect, whether they are indicted jointly or severally. No inconvenience can, on that account, result to them from a joint trial; for if no evidence be given against the one, the court may direct the jury to inquire first as to him, and upon his acquittal, he may be received as a witness for the other. The arguments and authorities on this point, apply equally to the fourth-reason assigned for a new trial.
5th Point. As to the ground of surprise urged by the defendant’s counsel, the court do not think it tenable; It is not shewn by -the defendant’s affidavit, that the testimony of Rogers would have been material, and if they considered it so, it was their duty to have summoned him.
There is no evidence that the absence of Rogers was procured by the prosecutor, or by any one concerned in the prosecution, and the affidavit of Mills, affords strong reasons to believe that it was not the case, but that Rogers withdrew, without the knowledge of the prosecutor or of-the attorney general.
It is said that the fine against Harman Blennerhassett is excessive. It is theduty ofthe jury to assess the fine according to the nature and aggravation of the offence. The court will not in such a case interfere and *18 grant a new trial, unless the fine is so'excessive, as to evince partiality or ■corruption in the jury. The evidence in this case proves that the offence was highly atrocious and aggravated. The Circumstances attending the assault, and the weapons used, leave no doubt of the intention of the defendants. It must ever be a consolation to them, that that intention was not carried into effect. The court do not think the fine'in this case so excessive as to demand their interference.
Motion for new trial overruled and judgment tobe executed in Claiborne county. — Turner, Reed and Danis,, for defendants. — Attorney ‘Generad iHarding and Rankin, for state.